**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**NOT FOR PUBLICATION**

---------------------------------------------------------x

In re: Elliott Harry Herskowitz,

Debtor.

---------------------------------------------------------x

Chapter 11

Case No.: 24-11764 (JPM)

**MEMORANDUM OPINION AND ORDER GRANTING IN PART**
**THE MOVANT'S THIRD INTERIM FEE APPLICATION**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I. INTRODUCTION

Before the Court is the former debtor's counsel, James Shenwick's (the "**Movant**") *Application for 3rd Interim Compensation for Shenwick & Associates Attorneys for the Debtor* (the "**Third Interim Fee Application**") [Dkt. No. 99] and *Amended Application for 3rd Interim Compensation for Shenwick & Associates Attorneys for the Debtor* (the "**Amended Third Interim Fee Application**") [Dkt. No. 100] filed on November 6, 2025. [Dkt. No. 99].[1] The Third Interim Fee Application requests an order approving $32,925.00 in fees and $76.80 in expenses in connection with services rendered from July 1, 2025 to October 29, 2025. [Interim Fee Application, p. 23].

On November 25, 2025, the United States Trustee (the "**Trustee**") filed the *Objection of the United States Trustee to the Third Interim Application for Compensation and Reimbursement of Expenses for Shenwick & Associates, Attorneys for the Debtor* (the "**Trustee's Objection**") [Dkt. No. 108]. That same day the Trustee filed an *Amended Objection of the United States*

[1] References to "Rule __" are to the Federal Rules of Civil Procedure. References to "Bankruptcy Rule __" are to the Federal Rules of Bankruptcy Procedure. References to "Local Rule" are to the Local Bankruptcy Rules for the Southern District of New York. References to "Bankruptcy Code" are to Title 11 of the U.S. Code (11 U.S.C).

*Trustee to the Third Interim Application for Compensation and Reimbursement of Expenses for Shenwick & Associates, Attorneys for the Debtor* (the "Trustee's Amended Objection") [Dkt. No. 109].

On November 28, 2025, creditor Marlene Mazel ("**Ms. Mazel**") filed the *Joinder and Objection of Ms. Marlene Mazel to Application for 3rd Interim Compensation for Shenwick & Associates Attorneys for the Debtor* ("**Ms. Mazel's Objection**") [Dkt. No. 112].

On December 1, 2025, the Movant filed the *Reply of the Debtor to the Amended Objection of the United States Trustee and Mazel to Third Interim Fee Application of Shenwick & Associates* (the "**Reply**") [Dkt. No. 115].

The Court held a hearing on the Third Interim Fee Application on December 3, 2025 (the "**December 3, 2025 Hearing**") [Dkt. No. 123] and the matter was taken under advisement. [December 3, 2025 Hearing].

The Motion is **GRANTED IN PART**. The Court will approve the Third Interim Fee Application and defer ruling on whether the Movant's fees may be paid out from the Debtor's retirement accounts.

## II. PROCEDURAL HISTORY AND BACKGROUND

In November 2013, the Movant initiated divorce proceedings in Israel, where the Jerusalem Family Court (the "**Israeli Court**") granted a religious divorce on June 30, 2014. [Dkt. No. 112, p. 4; Dkt. No. 118, p. 2]. On November 14, 2013, the Israeli Court "issued a Mareva restraining Order"[2] (the "**Mareva Injunction**") that barred the Debtor from "disposing

[2] A Mareva injunction is a "pre-judgment order enjoining a debtor from moving its assets," in order to "ensure the effectiveness of an ultimate remedy." *Velasquez v. Metro Fuel Oil Corp.*, No. 12-CV-1548 (NGG) (LB), 2012 U.S. Dist. LEXIS 166817, at *3 (E.D.N.Y Oct. 25, 2012) (citing *S.E.C. v. Cavanagh*, 445 F.3d 105, 117 n.27 (2d Cir.

any of the assets, to the extent [that deviates] from the regular course of business, and gave recourse to the Debtor to return to the Israeli Court to the extent he seeks to modify the Order." [Dkt. No. 118, p. 2-3].

On January 3, 2023, the Movant and the Debtor "agreed to transfer their divorce proceeding" to arbitration (the "**Arbitration**") and an arbitrator (the "**Arbitrator**") was appointed by the Israeli Court. [*Id.*, p. 3]. Before the Arbitrator had issued any decisions, the Debtor filed a voluntary petition (the "**Bankruptcy Petition**") for Chapter 11 Bankruptcy on October 9, 2024. [Dkt. No. 1]. In Schedule C of the Bankruptcy Petition, the Debtor lists various exemptions, including the following IRA exemptions: (1) Charles Schwab & Co #5307 IRA Rollover containing $2,400,000.00, (2) Wells Fargo #7234 IRA containing $67,747.00, and (3) Fidelity Investments #2-298 IRA Rollover containing $67,747.00 (collectively, the "**Debtor's IRA Accounts**"). [Bankruptcy Petition, p. 25]. The Debtor then filed the *Motion to Retain Shenwick & Associates as the Debtors' Attorneys* (the "Retention Motion") [Dkt. No. 11] on October 22, 2024. On November 18, 2024, the Court entered an *Order Authorizing Employment and Retention of Bankruptcy Counsel for the Debtor* (the "Retention Order") [Dkt. No. 19].

On February 6, 2025, the Movant filed the *Application for Interim Compensation for Shenwick & Associates Attorneys for the Debtor* (the "**First Interim Fee Application**") [Dkt. No. 43]. The Movant requested a total of $9,525.03 in fees and expenses in the First Interim Fee Application. [First Interim Fee Application, p. 13]. On February 24, 2025, the Trustee filed the *Objection of the United States Trustee to First Interim Application of Debtor's Counsel, Shenwick & Associates, for Allowance of Compensation and Reimbursement of Expenses* (the

2007) (citations modified). The Court is not ruling on any substantive issues regarding such injunctions in the context of the Motion.

"**Trustee's Objection to the First Interim Fee Application**") [Dkt. No. 48]. On February 26, 2025, Ms. Mazel filed the *Joinder to Objection of the United States Trustee to First Interim Application of Debtor's Counsel, Shenwick & Associates, for Allowance of Compensation and Reimbursement of Expenses* ("Ms. Mazel's Objection to the First Interim Fee Application") [Dkt. No. 49].

A hearing was held on the First Interim Fee Application on March 4, 2025 (the "**March 4, 2025 Hearing**"). At the March 4, 2025 Hearing, the Court requested that the parties confer on the objections to the First Interim Fee Application. [Dkt. No. 52, p. 1]. Following the March 4, 2025 Hearing, counsel to Ms. Mazel and the Movant filed individual settlement letters regarding the First Interim Fee Application. [Dkt. No. 50-51]. On March 17, 2025, the Court entered an Order granting the First Interim Fee Application [Dkt. No. 52].

The Movant filed a second fee application on July 9, 2025 titled *Application for 2nd Interim Compensation for Shenwick & Associates Attorneys for the Debtor* (the "**Second Interim Fee Application**") [Dkt. No. 63]. A *Certificate of No Objection* (the "**CNO**") [Dkt. No. 69] was filed on August 1, 2025, and the Court entered an Order granting the Second Interim Fee Application on August 6, 2025 [Dkt. No. 71].

Since the filing of the Bankruptcy Petition, the Arbitrator has issued several decisions in the Arbitration. [Dkt. No. 118, p. 3]. On September 1, 2025, the Arbitrator issued a decision (the "**Arbitration Decision**") in favor of Ms. Mazel concerning the ongoing "matrimonial litigation." [*Id.*]. The Arbitrator found that certain retirement accounts are "matrimonial property" and "could not be encroached to pay post valuation date personal debts alleged by the Debtor." [*Id.*, p. 3, 10]. During the pendency of this bankruptcy proceeding, the Debtor has stated that "subject

to his right of appeal and principles of comity, [the Debtor] will honor the findings of the Israeli arbitration and use that sum as Ms. Mazel's claim." [Dkt. No. 77, p. 4].

On November 2, 2025, the Debtor appealed the Arbitration Decision. [Dkt. No. 77, p. 4]. The Movant filed the Third Interim Fee Application shortly after, on November 6, 2026. [Dkt. No. 99]. The Movant requests a total of $33,001.80 in fees and expenses for services rendered from July 1, 2025 to October 29, 2025. [Third Interim Fee Application, p. 23]. Further, the Movant specifically requests "the payment be made from the Debtor's funds or Debtor's Charles Schwab & Co Inc. Cust IRA Rollover, account number: 5307 or Fidelity Rollover Ira Elliott H Herskowitz – Rollover Ira – Fidelity Management Trust Co – Custodian Account Number: 2298." [*Id.*, p. 24].

On November 25, 2025 the Trustee filed the Trustee's Objection alleging that the Third Interim Fee Application "was fatally flawed because there are no estate assets to pay his request for compensation and reimbursement of expenses." [Trustee's Objection, p. 7]. The Trustee objects to the Third Interim Fee Application as the Movant "seeks to obtain authority from the Court to release funds from the Debtor's purported nonexempt bank accounts maintained at an unauthorized depository." [*Id.*, p. 8]. The Trustee asserts that the Movant's "contributions to the estate are unclear at this stage" and takes issue with the Movant's billing practices. [*Id.*]. The Trustee claims that the Third Interim Fee Application is "replete with ministerial tasks that should have been performed by a paralegal." [*Id.*].

On November 28, 2025, Ms. Mazel filed Ms. Mazel's Objection alleging that the Third Interim Fee Application "seeks to take allegedly exempt property to pay administrative expense professional fees ahead of Ms. Mazel." [Ms. Mazel Objection, p. 2]. Ms. Mazel asserts that the

Arbitration Decision expressly provides that the Retirement Accounts are "subject to the Mareva Injunction and [does] not permit the offset of any pre-marital outstanding debts." [*Id*., p. 2].

The Movant filed the Reply on December 1, 2025. In the Reply, the Movant refutes the Trustee's objection that there are no assets available to pay the Movant. [Reply, p. 2]. The Movant asserts that "exempt property [that] is not available for creditors … may be used by the [D]ebtor, including to pay counsel, once fees are approved." [Reply, p. 2]. Further, the Movant explains that the "duration of this case is attributable to the Israeli Arbitration and appeal—not counsel." [*Id*., p. 3].

On December 2, 2025, the Court entered the *Agreed Mediation Order* (the "Mediation Order") [Dkt. No. 116], ordering the parties to

participate in a non-binding mediation to "attempt to resolve any issues between the parties." [Mediation Order, p. 3]. At the December 3, 2025 Hearing the Court took the Third Interim Fee Application under advisement. That same day, Ms. Mazel filed the Preliminary Objection of Ms. Marlene Mazel to the Debtor's Exemptions (the "**Preliminary Exemption Objection**") [Dkt. No. 118].

A settlement was initially reached between the parties and detailed in the *Mediator's Report* (the "**Mediation Report**") [Dkt. No. 135] filed on January 15, 2026. However, the settlement was later revoked by the parties in the *Updated Mediator's Report* (the "Updated Mediation Report") [Dkt. No. 140] on January 30, 2026.

On April 27, 2026, an Israeli Court affirmed the Arbitration Decision. [Motion, p. 4]. As of June 5, 2026, the Court was apprised in a separate filing by the Debtor that an additional level of appeal is currently pending in Israel. [Dkt. No. 173, p. 2].

## III. <u>LEGAL STANDARD</u>

Section 330(a)(1) of the Bankruptcy Code, a court may award:

(A) Reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) Reimbursement for actual, necessary expenses

11 U.S.C. § 330(a)(1)(A)-(B). The Bankruptcy Code further specifies that, to determine "the amount reasonable compensation to be awarded…, the court shall consider the nature, the extent, and the value of such services," taking into account "all relevant factors," including time spent, rates charged, necessity, reasonableness, and the skill of the professional. 11 U.S.C. § 330(a)(3)(A)-(F). "In evaluating the award of professional fees, courts objectively consider whether the services rendered were reasonably likely to benefit the estate from the perspective of the time when such services were rendered." *In re Value Holdings, Inc*., 436 B.R. 300, 305 (Bankr. S.D.N.Y. 2010) (citing *In re Kohl*, 421 B.R. 115, 125 (Bankr. S.D.N.Y. 2009)). The "factors listed in [S]ection 330 are not exclusive, and a court has wide discretion in determining the amount of reasonable compensation." *In re Haimil Realty Corp*., 579 B.R. 19, 27 (Bankr. S.D.N.Y. 2017) (citing *Zeisler & Zeisler, P.C. v. Prudential Ins. Co. of Am. (In re JLM)*, 210 B.R. 19, 23 (2d Cir. BAP 1997)).

Section 522 defines exempt assets and their treatment under the Bankruptcy Code. 11 U.S.C. § 522. A debtor "may exempt from property of the estate" various types of real and personal property or interests therein. 11 U.S.C. § 522(b)(1). Section 522(b)(3)(C) states that retirement funds may be exempt "to the extent that those funds are in a fund or account that is

exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986. 11 U.S.C. § 522(b)(3)(C).

Bankruptcy Rule 4003(b)(1) states that a party in interest may object to an exemption "within 30 days after the later of: the conclusion of the § 341 meeting of creditors; the filing of an amendment to the list; or the filing of a supplemental schedule." Fed. R. Bankr. P. 4003(b)(1).

## IV. **DISCUSSIONS**

### a. **Third Interim Fee Application**

In support of the Movant's Third Interim Fee Application, the Movant has provided the Court with detailed billing records (the "Billing Records") of the work completed in this case between the period of July 1, 2025 and October 29, 2025. [Third Interim Fee Application, p. 26-41]. The Billing Records include: (1) the date the work was performed, (2) what work was completed, (3) the time increments that were billed, and (4) the hourly rates. [*Id.*]. The Trustee argues that the Movant billed for "ministerial tasks that should have been performed by a paralegal at the disclosed rate of $250/hr, rather than [the Movant's] rate of $750/hr." [Trustee's Objection, p. 8]. While the Court notes the Trustee's concerns, upon careful review of the Billing Records, the Court finds that the Movant's time entries were reasonable, necessary, and in compliance with Section 330(a)(3). Furthermore, the Court finds that the services were beneficial to the estate and the Court does not find duplication of services; thus, any objection under Section 330(a)(4) is overruled. The Court will grant the Third Interim Fee Application for the amount of $33,001.80 in fees and expenses.

### b. **The IRA as a Source of Payment**

While the Court has granted the Movant's fees and expenses requested in the Third Interim Fee Application, the Court cannot yet rule on the issue of whether the Debtor's IRA Accounts are an appropriate source of payment. Two unresolved issues remain: (a) the issue of exemption, and (b) the Mareva injunction.

First, the issue of exemption is still being litigated in this proceeding. Federal Rule of Bankruptcy Procedure 4003(a) states that a debtor claims property as exempt by listing it on Form 106C. While the Debtor listed the Debtor's IRA Accounts on his Schedule C in his initial filings, this does not mean the exemptions are automatically effectuated. [Dkt. No. 1, p. 26-27]. The Debtor has *claimed* the property as exempt under Section 522, but Federal Rule of Bankruptcy Procedure 4003(b)(1) gives parties in interest 30 days after the later of the completion of Section 341 meeting of creditors, the filing of an amendment to the list of exemptions, or the filing of a supplemental schedule to file an objection to a given exemption.

The 341 meeting of creditors has yet to be completed as the docket shows that, on July 27, 2026, the Trustee notified the Court that the Section 341 meeting of creditors was continued until September 15, 2026. [Docket]. Additionally, while Ms. Mazel filed a Preliminary Exemption Objection, no final objections have been filed to date. Moreover, On August 7, 2026, the Court entered an Endorsed Scheduling Order (the "**Scheduling Order**") [Dkt. No. 183]. In accordance with the Scheduling Order: (1) Ms. Mazel is required to file a supplemental exemption objection by September 11, 2026; (2) the Debtor's response to the exemption objection is due on September 25, 2026; (3) Ms. Mazel's deadline to file a reply to the Debtor's response is due on October 2, 2026. [*Id.*]. The Court will hold a hearing on any exemption objections on October 8, 2026 at 10:00 AM.

Second, the parties have not yet litigated the impact of the Mareva Injunction on this proceeding. While the parties have made various factual assertions in their respective briefings as to the effect, if any, of the Mareva Injunction, the parties have not yet fully briefed these issues. The Court reserves ruling as to the impact, of the Mareva Injunction on these proceedings.

Thus, the Court will defer ruling on whether the Movant's fees may be paid out of the Debtor's IRA Accounts.

## V. CONCLUSION

Based on the aforementioned reasons, the *Application for 3rd Interim Compensation for Shenwick & Associates Attorneys for the Debtor* [Dkt. No. 99] is **GRANTED IN PART**. The Court will approve the Movant's fee award of $33,001.80 and defer ruling on whether the Movant's fees may be paid from the Debtor's IRA Accounts.

**IT IS SO ORDERED**.

Date: September 4, 2026
New York, New York

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE